UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZACHARY Y., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-5907-MLP <br><br> ORDER |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating the medical evidence, Plaintiff's testimony, and the lay witness statements, leading to an erroneous residual functional capacity ("RFC") assessment. (Dkt. # 12.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 14.) Plaintiff filed a reply. (Dkt. # 15.) Having considered the ALJ's decision, the administrative record ("AR"), and all

ORDER - 1

memoranda of record, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

## II. BACKGROUND

Plaintiff was born in 1987, has at least a high school education, and does not have past relevant work. AR at 37. Plaintiff was last formally employed in 2010 but worked odd jobs for his father up until 2015. *Id.* at 66-67.

In February 2020, Plaintiff applied for benefits, alleging disability as of September 1, 2013. AR at 18, 195. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 59-85. After the ALJ conducted a hearing in October 2022, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 192-219. The Appeals Council granted Plaintiff's request for review and remanded his claims for a new hearing. *Id.* at 220-26. After the ALJ conducted a new hearing in March 2024, the ALJ again determined that Plaintiff was not disabled. *Id.* at 14-45.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that from September 1, 2013, the alleged onset date, through September 30, 2013, the date Plaintiff was last insured, Plaintiff had no severe impairments. AR at 20-23. However, since February 27, 2020, the protective filing date, Plaintiff has had the severe impairments of hypothyroidism, scoliosis, tachycardia, hernia, and malnutrition. *Id.* at 26-27. The ALJ concluded that Plaintiff could perform "the full range of sedentary work" and was not disabled. *Id.* at 27, 37.

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1. Jonathan Jamito, M.D.

In September 2022, Dr. Jamito evaluated Plaintiff and opined significant limitations on walking, sitting, and standing, including needing position shifts at will and unscheduled breaks every hour. Dr. Jamito also noted that Plaintiff would be off-task for 20% of the workday and was likely to miss over four workdays per month. AR at 1230-40.

The ALJ found Dr. Jamito's opinion unpersuasive because it was based on a single visit meant to establish care, lacked objective support, and was inconsistent with the longitudinal record. AR at 36. An ALJ may reject a medical opinion that is contradicted by objective evidence in the medical record. *Ford*, 950 F.3d at 1156. Here, the ALJ noted that Plaintiff reported feeling "essentially well" during the examination, with normal ambulation, cardiovascular, and pulmonary exams, and appropriate mood, affect, and judgment. AR at 36 (citing *id.* at 747, 751, 755, 989, 1037, 1052-53, 1066-67, 1202, 1212, 1222-23, 1234, 1277-87, 1337-38). The ALJ found these findings inconsistent with the severity of Dr. Jamito's opined limitations, such as Plaintiff's inability to ever climb stairs. *Id.*

Plaintiff argues that Dr. Jamito relied on treatment notes from his clinic describing diagnoses like malnutrition, alongside reports of anxiety, back pain, and depression. (Dkt. # 12 at

ORDER - 4

3-4.) To this point, Dr. Jamito indicated that he based his conclusions on Plaintiff's self-reported limitations, the consistency of complaints, and reports from other providers. AR at 1240. Dr. Jamito did not provide evidence of the consistency of symptom reports over time, however, or details of the other medical reports reviewed. Accordingly, these factors do not undermine the objective evidence the ALJ relied upon in discounting the opinion.

The ALJ also found Dr. Jamito's opinion inconsistent with Plaintiff's generally conservative treatment and varied activities, which included walking, using public transport, shopping, reading, drawing, camping, hiking, and taking care of animals. AR at 36 (citing *id.* at 524-26, 533, 889, 909, 1133). Plaintiff states that these findings are not inconsistent with Dr. Jamito's assessment. (Dkt. # 12 at 4.) However, a party must have "contentions . . . accompanied by reasons" and "a bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003). The ALJ reasonably found Plaintiff's limited treatment and varied activities inconsistent with the significant limitations opined by Dr. Jamito. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (ALJ may draw reasonable inferences from evidence of activities that contradict claims of debilitating impairments).

    2.  Terilee Wingate, Ph.D.

In April 2021, Dr. Wingate evaluated Plaintiff, identifying "marked" limitations in completing a normal workday and workweek and "moderate" limitations in most mental work activities, with an overall severity rating of "marked." AR at 870-73. Dr. Wingate reported Plaintiff's speech was logical and linear, mood was dysphoric, affect was blunted, while thought process, orientation, perception, memory, fund of knowledge, concentration, and abstract thought were all within normal limits. *Id.* Additionally, Dr. Wingate noted the duration of Plaintiff's impairments' at six to eight months, rather than twelve continuous months. *Id.*

ORDER - 5

1       The ALJ found this opinion somewhat persuasive regarding the impairments' short duration but unpersuasive overall, citing a lack of support and inconsistency with examination findings. AR at 24. Although Dr. Wingate noted issues with mood, affect, insight, and judgment, other areas like memory, concentration, and abstract thought showed normal functioning. *Id.* (citing *id.* at 873). Plaintiff's treatment was conservative and there was no evidence of hospitalizations related to mental health. Moreover, psychiatric examinations and progress notes during the relevant period largely showed normal mental findings related to mood, affect, judgment, and behavior. *Id.* (citing *id.* at 747, 751, 755, 1037, 1052-53, 1066-67, 1080, 1082, 1085, 1087-1193, 1222-23, 1234, 1380, 1382, 1384, 1386-1506). The ALJ thus gave little weight to Dr. Wingate's opinion.

Plaintiff argues that normal mental status findings and conservative treatment are not a legitimate basis to reject Dr. Wingate's opinion. (Dkt. # 12 at 6.) "ALJs are, [however,] at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Plaintiff's conclusory challenge falls short of appellate review requirements. *See Putz v. Kijakazi*, 2022 WL 6943095 (9th Cir. Oct. 12, 2022). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash.*, 350 F.3d at 929. Substantial evidence supports the ALJ's determination.

        3.     Jeremy Bolden, MSW, LICSWA

In October 2022, Mr. Bolden, a mental health therapist, opined that Plaintiff was seriously limited, unable to meet competitive standards, and had no useful ability to function in most mental work activities. AR at 1269-74. The ALJ found Mr. Bolden's opinion unpersuasive,

noting that it lacked support from objective medical evidence and was inconsistent with Plaintiff's predominantly normal mental status findings. *Id.* at 25.

The ALJ highlighted that while Mr. Bolden checked various signs and symptoms to support his opined limitations, they were not consistent with the longitudinal record—including his own treatment notes—which reflected a brief period of dysphoric mood and reactive affect that quickly improved. AR at 25 (citing *id.* at 1442, 1446, 1448). Moreover, Plaintiff's other examinations revealed mostly normal findings, such as orientation to three spheres, appropriate appearance and dress, unremarkable motor activity, appropriate behavior, normal speech, euthymic mood, congruent affect, excellent insight and judgment, intact memory, good attention and concentration, unremarkable thought process, appropriate thought content, and intact functional status. *Id.* (citing *id.* at 1080, 1082, 1085, 1087-1193, 1380, 1382, 1384, 1386-1506). The ALJ also noted that Global Assessment of Functioning ("GAF") scores of 66 appeared consistently throughout mental health treatment records, indicating only mild limitations in global functioning. *Id.* (citing *id.* at 1385, 1441, 1443, 1445-70). Considering these factors, the ALJ reasonably found Mr. Bolden's opinion unpersuasive and concluded that other medical opinions were more persuasive and consistent with the longitudinal record. *Id.*

Referencing a subsequent summary of "other medical evidence" (*see* dkt. # 12 at 7-10), Plaintiff contends that "as argued below, the record also includes abnormal treatment notes which are consistent with Mr. Bolden's opinion." (*Id.* at 6.) However, a claimant waives "any argument based on [clinical] findings" where the claimant "simply lists numerous clinical findings, unaccompanied by argument." *Putz*, 2022 WL 6943095, at *2. That is because "[b]are assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'"

ORDER - 7

1  *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (internal citation omitted). Substantial
2  evidence supports the ALJ's decision.
3                      4.      *Julian Melamed, M.D.*
4         In March 2024, Dr. Melamed testified that Plaintiff "would have limitations, in terms of
5  being at most, to sedentary activities." AR at 97. The ALJ found Dr. Melamed's opinion of
6  sedentary limits persuasive as it was supported by a review of the entire record and consistent
7  with the longitudinal evidence. *Id.* at 35-36. Substantial evidence supports the ALJ's conclusion.
8         Plaintiff asserts that the ALJ erred by not acknowledging specific portions of Dr.
9  Melamed's testimony. (Dkt. # 12 at 6.) Specifically, after indicating that Plaintiff could perform
10 sedentary work, Dr. Melamed stated, "[b]ut having said that, I don't think he could do [a] full
11 range of sedentary activity." AR at 97. Dr. Melamed also mentioned that hypothyroidism can
12 cause fatigue and that he found no basis for questioning Plaintiff's complaints of stomach pain.
13 *Id.* at 97-100.
14        As the Commissioner contends, however, these statements do not constitute medical
15 opinions that the ALJ was required to address. (Dkt. # 14 at 13-14.) This is because Dr.
16 Melamed's additional remarks were not medical opinions about impairment-related limitations
17 relevant to work activities. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th
18 Cir. 2010) (ALJ need not provide reasons for rejecting opinion that does not specify limitations,
19 as no conclusions were actually contradicted). Here, the ALJ reasonably incorporated Dr.
20 Melamed's opinion that Plaintiff was limited to sedentary exertion. AR at 27, 35-36.
21                     5.      *Gary Sacks, Ph.D.*
22        In November 2020, Dr. Sacks opined that Plaintiff had no more than mild mental
23 functional limitations. AR at 1031. The ALJ found this opinion persuasive. *Id.* at 25. Plaintiff

ORDER - 8

contends, unaccompanied by argument, that Dr. Sacks' "opinion is actually inconsistent with the longitudinal record, including [Plaintiff's] mental health treatment records." (Dkt. # 12 at 7.) As previously discussed, this is insufficient to show harmful error in the ALJ's evaluation.

      6.    *Soo Ryun Ahn, M.D.*

In February 2024, Dr. Ahn opined that Plaintiff was limited to medium to light lift and carry abilities with frequent exposure to various environmental factors. AR at 1277-87. The ALJ found this opinion somewhat persuasive, noting that Dr. Ahn evaluated Plaintiff and that his opinion was supported by his examination findings. *Id.* at 36. Plaintiff states that "Dr. Ahn's opinion is inconsistent with the overall findings in the record, and it is also inconsistent with Dr. Jamito's findings and opinion." (Dkt. # 12 at 7.) However, the ALJ explicitly discounted Dr. Jamito's opinion based on inconsistencies with the overall record. AR at 36. Plaintiff's conclusory statement does not allege error in the ALJ's evaluation.

      7.    *Remaining Issues*

Plaintiff spends several pages summarizing various parts of the medical record before concluding that "[a]ll of the above evidence provides further support for the opinions of Dr. Jamito, Dr. Wingate, and Mr. Bolden . . . [and that a reasonable ALJ] . . . could have reached a different disability determination." (Dkt. # 12 at 7-10.) As previously discussed, this does not constitute a reasoned argument. Additionally, just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original).

    B.    **The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155

ORDER - 9

(9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, but whether the ALJ's reasoning is clear enough to persuade. *Smartt*, 53 F.4th at 499.

As an initial matter, Plaintiff contends the ALJ failed to properly evaluate the medical evidence and thus erred in evaluating his testimony. (Dkt. # 12 at 10-11.) This argument is unavailing because, as previously discussed, the ALJ did not err in evaluating the objective medical evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Next, Plaintiff argues that the ALJ selectively summarized the objective evidence and failed to identify any "meaningful inconsistencies" or "convincing reasons" for rejecting his testimony. (Dkt. # 12 at 11-12.) The record reflects otherwise, however; the ALJ found Plaintiff's claims of debilitating symptoms inconsistent with the medical evidence, noting that despite being prescribed medication for mental health and attending counseling, progress notes documented mostly normal mental signs. AR at 27-31. Additionally, during the relevant period, physical examinations generally reported unremarkable findings such as a supple neck with normal range of motion, normal bowel sounds, a soft and nondistended abdomen, normal cardiovascular and pulmonary assessments, intact bilateral gross motor function, no deformities or edema, normal gait, alertness, orientation, and no acute distress—even with reports of abdominal tenderness. *Id.* (citing *id.* at 747, 751, 755, 989, 1037, 1052-53, 1066-67, 1202, 1212, 1222-23, 1234, 1277-87, 1337-38). Psychiatric evaluations similarly showed normal mood, affect, judgment, and behavior throughout the period. *Id.* (citing *id.* at 747, 751, 755, 1037, 1052-53, 1066-67, 1222-23, 1234). Plaintiff's assertion does not articulate any error with the

ALJ's evaluation of this evidence. *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on the party attacking agency's determination).

Plaintiff also argues that the ALJ erred by citing activities that were not inconsistent with his testimony or reflective of the ability to work. (Dkt. # 12 at 12.) The ALJ observed that, contrary to Plaintiff's significant complaints of fatigue and claims of less-than-sedentary functioning, he reported engaging in numerous physical activities. AR at 31-35. From January 2021 through January 2024, Plaintiff reported going on hikes several times a month, scouting for remote locations, camping for multiple days, walking several times a week, building projects around the house, going to the farmer's market, blackberry picking, and walking through pumpkin patches. *Id.* (citing *id.* at 885-44, 1080-1194, 1380-1507). While these activities were not without limitations, the ALJ reasonably found them inconsistent with the severity of the Plaintiff's symptom reports. *See Farlow*, 53 F.4th at 489 (ALJ may utilize inconsistencies between daily activities and symptom testimony to support rejection); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ's decision where evidence of daily activities was susceptible to more than one rational interpretation). Plaintiff does not meaningfully challenge these findings. *See Molina*, 674 F.3d at 1111.

Finally, Plaintiff spends several pages summarizing parts of his testimony before asserting that the "above-summarized testimony is the testimony that the ALJ improperly rejected . . . [and] a reasonable ALJ who properly evaluated and fully credited this evidence could have reached a different disability determination." (Dkt. # 12 at 12-17.) As previously discussed, however, this does not identify an error in the ALJ's decision. *See Molina*, 674 F.3d at 1111; *Shaibi*, 870 F.3d at 879-80.

ORDER - 11

1    In sum, the record shows that the ALJ provided specific, rational, and cogent reasons for
2 discounting Plaintiff's testimony. Plaintiff's conclusory disagreement with the ALJ's
3 determination fails to show harmful error or meaningfully engage with any of the ALJ's reasons.
4 Even assuming the evidence was susceptible to more than one reasonable interpretation—the
5 ALJ's and Plaintiff's—the Court is required to uphold the ALJ's decision. *See Thomas v.*
6 *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

7    **C.    The ALJ Did Not Err in Evaluating Lay Witness Evidence**

8    Plaintiff asserts that the ALJ failed to properly credit the lay witness statements from his
9 roommate and argues that a reasonable ALJ could have reached a different decision. (Dkt. # 12
10 at 17-18.) Plaintiff's roommate reported that he experienced significant fatigue along with
11 mental and cognitive difficulties. AR at 471-77. The ALJ discounted this testimony because it
12 was "not consistent with other evidence in the record." *Id.* at 37. Because these statements did
13 not introduce any limitations that the ALJ had not already considered, the ALJ properly rejected
14 the lay witness testimony for the same reasons used to discount Plaintiff's testimony. *See*
15 *Molina*, 674 F.3d at 1119-22; *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th
16 Cir. 2009). While Plaintiff suggests a reasonable ALJ could have found him disabled, that alone
17 does not establish error. *See Shaibi*, 870 F.3d at 879-80. Substantial evidence supports the ALJ's
18 evaluation of the lay witness evidence.

19   **D.    The ALJ Did Not Err in Evaluating Plaintiff's RFC**

20   Plaintiff contends that the ALJ's RFC assessment is insufficient because it does not
21 include all of the limitations described by the medical opinions or his own testimony. (Dkt. # 12
22 at 18-19.) This argument fails to establish error because the ALJ properly evaluated this
23 evidence, as previously discussed. *See Stubbs-Danielson*, 539 F.3d at 1175-76.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this <u>6th</u> day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 13